# United States District Court

### WESTERN DISTRICT OF MICHIGAN

**UNITED STATES OF AMERICA**

v.

**Wayne Alexander Davis**

### ORDER OF DETENTION PENDING TRIAL

Case Number: 1:09-CR-50

In accordance with the Bail Reform Act, 18 U.S.C.§3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I - Findings of Fact

- [ ] (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is
  - [ ] a crime of violence as defined in 18 U.S.C.§3156(a)(4).
  - [ ] an offense for which the maximum sentence is life imprisonment or death.
  - [ ] an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____
  - [ ] a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.
- [ ] (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- [ ] (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).
- [ ] (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

- [ ] (1) There is probable cause to believe that the defendant has committed an offense
  - [ ] for which a maximum term of imprisonment of ten years or more is prescribed in _____
  - [ ] under 18 U.S.C.§924(c).
- [ ] (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternate Findings (B)

- [X] (1) There is a serious risk that the defendant will not appear.
- [ ] (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Defendant is a 33-year-old who has already acquired a lengthy criminal record. He is unmarried, but has fathered two children, and he is unemployed.

In the early 1990's, defendant was sentenced to 8 to 25 years in prison for second degree homicide. He was paroled in May 2002 and discharged from parole two years later. In 2006, after having been placed on probation following a conviction for operating a vehicle while intoxicated, defendant failed to comply with his (continued on next page)

## Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by a preponderance of the evidence that no condition or combination of conditions will assure the appearance of the defendant for future court proceedings against him based on his repeated failures to appear for court in his home county, the two outstanding warrants, and defendant's demonstrated history of failing to comply with various court orders in the past (usually while he was on probation) which attempted to regulate his behavior while under the supervision of a court.

## Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: February 24, 2009

/s/ Hugh W. Brenneman, Jr.
*Signature of Judicial Officer*

Hugh W. Brenneman, United States Magistrate Judge
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.* ); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.* ); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

United States v. **Wayne Alexander Davis**
1:09-CR-50
**ORDER OF DETENTION PENDING TRIAL**
Page 2.

**Alternate Findings (B)** - (continued)

probation requirements. This led to an arrest, where he was allowed to post a bond and was instructed to appear for a probation violation hearing in June 2007. Defendant failed to appear and another bench warrant was issued. He was again arrested, again posted a bond, and again failed to appear for arraignments on September 6, October 11, November 21, and December 12, 2007.

Defendant has been repeatedly in trouble for domestic violence-type charges, often involving one Charisse Hicks. This has led to several no-contact orders pertaining to Hicks. One of these charges led to the defendant being released on bond on May 21, 2008, with certain requirements that he report to the Ingham County Circuit Court Pretrial Services department. He failed to report to Pretrial Services resulting in a warrant being issued for his failure to appear. That warrant remains outstanding. (Defendant also appears to have a separate warrant outstanding from the Ingham County Friend of the Court for failure to pay child support.) The indictment in the present case alleges that on August 17, 2008, while defendant was apparently on bond to the Ingham County Circuit Court, he was found with a .45 caliber pistol in his possession following a disturbance involving defendant and Charisse Hicks. It also appears that there was an outstanding order at that time that defendant have no contact with Ms. Hicks and was pending trial in the state circuit court on a charge of assaulting her.

**Part II - Written Statement of Reasons for Detention** - (continued)